**TOBIN, Secretary of Labor v. AIBEL et al.**

Civ. No. 10470.

United States District Court
E. D. New York.

July 28, 1952.

John A. Hughes, Regional Atty., New York City, William S. Tyson, Sol., Washington, D. C., Henry J. Easton, Associate Atty., U. S. Dept. of Labor, New York City, for plaintiff.

Silver & Bernstein, New York City, for defendants (George H. Kaplan, New York City, of counsel).

KENNEDY, District Judge.

This is a suit to enjoin the defendant co-partners from violating the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Jurisdiction is based upon the act itself and the judicial code, 28 U.S.C.A. § 1337.

The defendants, residents of Brooklyn, are as I have said co-partners. They, themselves, and the homeworkers whom they employ are engaged in the production of goods for interstate commerce; this case involves specifically the production of hair nets by the homeworker-employees of the defendants. If the operations of the defendants in this respect are subject to administrative regulations for the Knitted Outerwear Industry (Part 617) then the homeworkers employed by the defendants are required to secure homeworkers' certificates (Code of Federal Regulations, Chapter 5, Title 29, Part 617, Sec. 617.3). An attempt was made by the defendants to secure these but this they were unable to do in a number of cases. Incidentally, the plaintiff originally complained about the record-keeping practices of the defendants. But this issue is no longer in the case since admittedly there has been compliance with the relevant regulations.

Whether or not the defendants are in violation of the regulations here invoked depends upon whether, under their operation, the hair nets are being manufactured "in the same establishment as that where the knitting process is performed" (Regulations, Part 617 for the Knitted Outerwear Industry, Sec. 617.4). This leads to a discussion of the manufacturing methods of the defendants.

Defendants and their minor children own a corporation called French Textile Co. Inc., which produces nets of all kinds and also shoe fabrics, dress fabrics, upholstery cord as well as the hair net fabric. The corporation not only knits the latter, but also dyes and finishes it. Its place of business is at 110 Fifth Avenue and the defendants conduct their partnership activities in the hair net business, or at least part of them, from the same physical premises under a rent-sharing agreement. In addition the partnership uses premises at 238 East 109th Street. The evidence indicates, and I find as a fact, that the only purposes of the maintenance of the East 109th Street house are the distribution of finished fabric to the homeworkers, the storing of tissue paper, and the collection of finished hair nets. In all probability the reason for the maintenance of this depot at this location is that it is convenient for the homeworkers. To recapitulate, French Textile Co. Inc. knits and finishes the hair net fabric; the defendants then distribute it to and collect the finished nets from the homeworkers. Does such an operation answer the description in the regulations? In other words, are these hair nets "partially or completely manufactured in the same establishment as that where the knitting process is performed"?

This same question came before Judge Galston on a motion by the plaintiff for summary judgment. He refused that motion on the ground, at least as I read his opinion, that there was a dispute over a material issue of fact, namely, whether the entire product of French Textile Co. Inc. (the corporation) hair net fabric and other, was sold and delivered exclusively to the defendants as partners. Judge Galston recognized that he was being asked to disre-

gard the corporate entity and to treat the corporation and the partnership as one "establishment". He felt that a disputed fact very material to the determination of this question was whether or not the corporation's entire output was taken by the partnership, or whether on the other hand the partnership was merely one of the corporation's customers.

That question has now been resolved by stipulation, because it is now admitted "that the entire output of French Textile Co. Inc., a New York corporation, of all types of products manufactured by such corporation, are sold and delivered exclusively to the defendants".

■ Some minor disputes are lately resolved. In the first place the defendants argue that the maintenance by them of a separate physical establishment (at East 109th Street) is of great significance. I think it is not. It must be manifest that the purposes of the act are not so easily frustrated, as in fact they would be if the act and the regulations for the particular industry were inapplicable when the operations are conducted in two physically separate premises. Again, the defendants point out that the Internal Revenue Bureau has for tax purposes treated the corporation and the partnership as separate entities. But it becomes obvious that Internal Revenue rulings are not controlling and perhaps not even relevant on the question of the meaning of "establishment". The interpretation consistently put upon the act forbids any such notion, and it is unnecessary to cite cases to demonstrate this. It has been repeatedly held, for example, that a person who would be classified as an "independent contractor" for purposes of tort liability can still be an "employee" under this statute. In other words, as I read the decisions, the courts have uniformally resisted any attempt to whittle down the area where the statute applies by the use of analogies in other fields of law.

■ Decision in this case turns in the first instance upon the application of language used in the regulation to a set of undisputed facts: (1) defendants control the textile corporation and between them and their minor children they own the stock of that company completely; (2) the textile corporation knits fabrics of several kinds, including hair net fabric and sells its entire product to the defendants as partners; (3) the corporation and the partnership operate from the same premises, except that the distribution of fabric and the collection of finished hair nets is done at premises further uptown than the main office (East 109th Street); (4) the finished hair nets are made by the homeworkers in the employ of the partnership.

On these facts can it be fairly said that the plaintiff has failed to prove that the hair nets are "partially or completely manufactured in the same establishment as that where the knitting process is performed"?

I believe that defendants' operation is within the regulations and that plaintiff is entitled to an injunction which it seeks. I do not rest this decision solely on the broad sweep of the word "establishment", nor solely on control of the corporation by the partnership, nor solely on the fact that a very substantial part of the business of both entities is conducted in the same premises, nor solely on the fact that the partnership habitually consumes the entire production of the corporation. I believe that all of these facts taken in conjunction point irresistably to the conclusion that there is but one "establishment", and that the operation is clearly within the language of the relevant regulation.

■ I cannot agree with the defendants that under the interpretation which I have adopted the regulation would become discriminatory. The administrator obviously has the right to make a regulation applicable to any particular commodity without exposing himself to the accusation of discrimination, and no argument is needed to demonstrate that the form which this regulation has taken is calculated to carry out the purposes of the statute.

The adverse impact of this decision on defendants' business is, of course, regrettable. Injunction is, I recognize, a drastic remedy. But that furnishes no reason why it should be withheld when the case for injunction is clear, and I think this one is.

Submit decree.